IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TROY LEE MILLER, ID # 1388169,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:13-CV-3282-N-BH |
| ) | |
| **WARDEN PRINGLE, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Warden Pringle, Warden Polk, Captain Lowery, and Sergeant Warfield of the Hutchins state jail in their individual capacities. He claims that while he was an inmate at Hutchins, he was threatened with being sent to a different prison unit and wrongly charged and convicted of four disciplinary actions in an attempt to coerce him into implicating one of guards as the reason illegal drugs were found at the unit. (Compl. at 3.) He further asserts that as a result of one of the disciplinary actions, he was placed in segregation; he attempted to cut himself and was then sent to another unit for observation; some of his personal property was not returned to him when he returned to the unit; and he has now been assigned to a prison unit located far away from his family. (Compl. at 3; Magistrate Judge's Questionnaire (MJQ) Ans. 5). He seeks monetary damages. (Compl. at 7).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*,

156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.** <u>**Disciplinary Actions**</u>

    **1.** **Supervisory Liability**

Plaintiff sues the four defendants based on his alleged wrongful conviction on three of four

charged disciplinary infractions. He alleges that Warden Polk allowed him to be charged and found guilty of frivolous disciplinary infractions, and that Warden Pringle denied a grievance because Plaintiff did not have any information about the illegal drugs that were coming into the prison unit. (Compl. at 3). During the time that he was placed in segregation, all four defendants 1) sent messages through the grievance officer informing him that the disciplinary ruling would be reversed if he gave information about the illegal drugs; 2) ignored letters he sent them about the conditions in segregation; and 3) asked him if he would tell them the name of the person bringing the drugs into the unit. (MJQ Ans. 5). None of these four defendants was the charging officer on any of the disciplinary reports. (Compl. at 10-13).[1]

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000).

---

[1] Plaintiff's claims regarding some of the disciplinary actions may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because they have not been reversed. When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, *Heck* provides that the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.*; *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that procedural due process claim related to the revocation of good-time credits in a prison disciplinary proceeding is not cognizable under § 1983 because success would "necessarily imply" the invalidity of continued imprisonment). Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars these claims is not required. *See Patton v. Jefferson Correct-ional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff does not assert that any of the four defendants either charged him with a disciplinary infraction or found him guilty of one. He only claims that they either permitted the disciplinary convictions to occur, denied a grievance based on a disciplinary conviction, ignored letters regarding his treatment, or informed him of the conditions under which a disciplinary conviction could be reversed. A failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability. *See Amir-Sharif v. Valdez*, 2007 WL 1791266, slip op. at *2 (N.D. Tex. June 6, 2007) (holding that no liability under § 1983 had been alleged because a failure to take corrective action in response to a grievance does not rise to the level of personal involvement); *Praylor v. Partridge*, 2005 WL 1528690, slip op. at *2 (N.D. Tex. June 28, 2005) (same). Plaintiff's claims against the defendants concerning the disciplinary actions are based solely on their supervisory roles, and he therefore fails to state a plausible claim against any of them.

### 2. No Constitutional Violation

Even if the four defendants were personally involved in the decisions to find Plaintiff guilty of frivolous disciplinary infractions, he has alleged no constitutional violation as a result. Plaintiff alleges that as a result of being found guilty of various disciplinary infractions, he was given a reprimand; placed on cell, property, commissary, and recreation restrictions for a number of days; his classification was reduced; and he lost good time days and was placed in solitary confinement with the last infraction for possession of a narcotic. (Compl. at 4-6, 10-13). Plaintiff acknowledges that the possession charge was later overturned after he filed a Step 2 grievance. (Compl. at 6).

As a prerequisite to maintaining a § 1983 claim, a plaintiff must allege that a defendant violated a right that is protected by either the federal constitution or federal laws. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff was convicted of aggravated robbery. (*See* www.tdcj.state.tx.us, search for plaintiff). He therefore is ineligible for mandatory supervision and has no constitutionally protected interest in the loss of good time credits. *Arnold v. Cockrell*, 306 F.3d 277, 278-79 (5th Cir. 2002); *see also* TEX. GOV'T CODE ANN. § 508.49(a)(12) (West 2001).[2] Furthermore, inmates do not have a constitutionally protected interest in their custodial classification, even where a prisoner alleges that the classification is in error. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (a prisoner does not have a basis for a civil rights complaint simply because he disagrees with a classification decision). Likewise, the loss of recreation and commissary privileges, cell restriction, and solitary confinement do not give rise to a constitutionally protected liberty interest, as none of these punishments represent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. April 17, 2007), *quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995). Finally, while Plaintiff complains that his grievances were denied, an inmate does not have a federally protected interest in having a complaint resolved to his satisfaction. *Geiger v. Flowers*, 404 F.3d 371 (5th Cir. 2005). Plaintiff has therefore failed to allege the violation of a constitutional right with respect to the results of the disciplinary charges made against him, and these claims should therefore be dismissed.[3]

---

[2] Even if Plaintiff was eligible for mandatory supervision, he acknowledges that the disciplinary conviction that resulted in a loss of good time credits was reversed.

[3] To the extent that Plaintiff is alleging that the four defendants were acting in retaliation, to prevail on a claim of retaliation, a plaintiff must establish: 1) a specific constitutional right; 2) a defendant's intent to retaliate against the plaintiff for exercising that right; 3) a retaliatory adverse act; and 4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006), *citing McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff has failed to allege any constitutional right that he exercised for which the defendants allegedly retaliated against him.

**B.**     **Threats**

Plaintiff claims that in 2011, Captain Towery threatened to have him "shipped to West Texas", where Plaintiff had previously been stabbed five times. He allegedly made a similar threat in 2012 to send Plaintiff to West Texas if he did not tell prison officials how illegal drugs were getting into the prison. (Compl. at 4-5). The Fifth Circuit has found that verbal threats and abuse do not rise to the level of a constitutional violation. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). This claim therefore fails to state a claim upon which relief may be granted

**C.**     **Confiscation of Property**

Plaintiff next asserts that after he attempted to cut himself, he was transferred to Skyview Unit for observation. His property that was confiscated by Sergeant Warfield when he was placed in segregation was not returned to him, even after he was shipped to his current unit. (Compl. at 3, 5-6). However, "random and unauthorized" deprivation of property, whether intentional or negligent, neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies, including a state action for the Texas tort of conversion. *Brewster v. Dretke*, 587 F. 3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994)). Because Plaintiff has available state post-deprivation remedies, his claims with regard to his missing property are legally frivolous under *Hudson* and should be dismissed.

**D.**     **Conditions of Solitary Confinement**

Plaintiff complains that during the period of time that he was placed in solitary confinement, he did not receive the necessary hygiene and bedding materials and was not provided certain medications. (Compl. at 5). To the extent that he is alleging that his due process rights were violated

6

by placing him in segregation, the Fifth Circuit has held that absent extraordinary circumstances, such as an abnormal number of years in segregation or segregation in a Supermax prison, administrative segregation will never be a ground for a constitutional claim. *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008). Plaintiff's confinement in segregation for a little over a month does not rise to the level of an extraordinary circumstance.

To the extent that Plaintiff is complaining that the conditions of his confinement in segregation violated the Eighth Amendment, he must show that the confinement resulted in a "sufficiently serious" deprivation of life's necessities and that prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 847. Plaintiff has failed to allege facts to support a claim that the deprivations in solitary were a serious deprivation of necessities, or that the defendants acted with deliberate indifference to his safety. To the contrary, he acknowledges that an officer who saw him trying to cut himself with a razor took it from him, and that he was sent for psychiatric evaluation. (Compl. at 5). Plaintiff has therefore failed to allege a claim upon which relief may be granted.

**E.**     **Unit Assignment**

Finally, Plaintiff complains that rather than being returned to the Beto Unit, where he was previously assigned, he was transferred from the Hutchins state jail to another unit that is too far away for his family to visit him. (Compl. at 6). Inmates have no constitutional right to be housed in a particular prison facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000). Therefore, any claim based on his transfer from one unit to another should be dismissed as frivolous.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 26th day of November, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.